IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DALE DUHART,

                     Plaintiff,

v.                                   1:05-cv-1909-WSD

CITIFINANCIAL,

                     Defendant.

## ORDER

Plaintiff Dale DuHart has been allowed to proceed *in forma pauperis* in the instant *pro se* civil action. The matter is now before the Court for a 28 U.S.C. § 1915(e)(2) frivolity determination. A federal court ordinarily should dismiss an *in forma pauperis* complaint if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. Under this standard, a district court may dismiss, *sua sponte,* claims premised on meritless legal theories or that clearly lack any factual basis. Denton v. Hernandez, 504 U.S. 25, 27, 112 S. Ct. 1728, 1730-31, 118 L. Ed. 2d 340 (1992). A claim is frivolous

"where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).

The Court cannot determine from the content of the "petition" the basis for Plaintiff's complaint. There are insufficient allegations to determine if there is a relationship between Plaintiff and Defendant. The relevance of the authorities cited is at least unclear and they may well be inapplicable.[1] Even construing Plaintiff's claim liberally in view of Plaintiff's *pro se* status, the Court finds Plaintiff has not alleged facts sufficient even to suggest to the Court the matters about which Plaintiff complains or the relief he seeks.[2]

---

[1] Plaintiff quotes 12 U.S.C. § 108(a) verbatim. Section 108, however, pertains to the time requirements for filing certain civil actions where a bankruptcy action is pending. Plaintiff alleges generally that this action "is in direct response to CitiFinancial's deceptive lending practices: unwanted credit insurance, unnecessary fees, high interest rates, and financial ramifications," but does not state how these practices affected him.

[2] Rule 8(a) of the Federal Rules of Civil Procedure provides general guidance on what is required in a pleading to assert a claim for relief. Specifically, the pleading should set forth "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Fundamental to a legally adequate pleading is a short, plain statement of the facts showing the nature of and basis for the pleader's complaint against the party sued.

Having reviewed the *pro se* complaint filed in this case, the Court concludes that the Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, pursuant to 28 U.S.C. § 1915(e), this action is hereby **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this 18th day of August, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE